IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. KULKA, | ) | No. C 13-03364 EJD (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| K. HARRIS, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Order of Dismissal with Leave to Amend
G:\PRO-SE\EJD\HC.13\03364Kulka_dwlta.wpd

B. <u>Legal Claims</u>

Petitioner is currently incarcerated at Folsom State Prison in Represa, California, which lies within Sacramento County. According to the petition and the attachments thereto, petitioner is serving a seventeen years to life sentence for second degree murder. (Pet. at 2, 10.) However, the form petition Petitioner used to file this action is sorely lacking all the necessary information by which this Court can determine the nature of his claims, i.e., whether he is challenging the denial of parole or his underlying state conviction. For example, under section (A), he indicates that he is challenging the "Board of Prison Terms" at "RJD Facility," and then later in the petition he asserts that he is entitled to a sentence no longer than 25 years for his crime. (<u>Id.</u> at 2, 6.) It appears that his conviction was out of San Diego County. (<u>Id.</u> at 10.)

Venue for a habeas action is proper in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d). Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. <u>See</u> <u>Dannenberg v. Ingle</u>, 831 F. Supp. 767, 768 (N.D. Cal. 1993); <u>Laue v. Nelson</u>, 279 F. Supp. 265, 266 (N.D. Cal. 1968). If the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. <u>See</u> Habeas L.R. 2254-3(b)(2); <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989). In either case, this Court is not the proper venue for this action because Petitioner was convicted out of San Diego County, which is within the venue of Southern District of California, and he is currently confined within Sacramento County, which is within the venue of the Eastern District of California.

Furthermore, with respect to the exhaustion of his state court remedies, Petitioner states that he filed an "Executive Appeal" to the White House in late 2012, (Pet. at 4), and that his petition for a writ of certiorari to the United States Supreme Court was denied in 2000. Prisoners in state custody who wish to

challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, Petitioner must have presented to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id., 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

In the interest of justice, Petitioner shall be given an opportunity to file an amended petition to cure the deficiencies discussed above. Petitioner must provide all the information required on the court's form petition, particularly with respect to his underlying state conviction. If Petitioner is challenging a recent denial of parole, he must identify the date and location of the decision. Secondly, he must show that all the claims have been exhausted. For this purpose, Petitioner shall be provided with the court's form petition to use to file an amended petition.

**CONCLUSION**

For the foregoing reasons,

1. The petition is DISMISSED with leave to amend. Petitioner must, within **twenty-eight (28) days** of the date this order is filed, file an amended petition challenging the lawfulness of the state conviction for which he is currently incarcerated. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The amended petition must include the caption and civil case number used in this order, No. C 13-03364 EJD (PR), and must include the words **AMENDED**

**PETITION** on the first page. The Court will transfer this matter to the proper venue once the nature of Petitioner's claims is made clear, i.e., whether he is challenging his underlying state conviction or a recent parole decision.

**Failure to file a timely response in accordance with this order will result in the dismissal of this action without prejudice and without further notice to Petitioner.**

The Clerk shall include two copies of the court's form petition with a copy of this order to Petitioner.

DATED: 11/12/2013

EDWARD J. DAVILA
United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\EJD\HC.13\03364Kulka_dwlta.wpd          4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES KULKA,

        Petitioner,

  v.

K. HARRIS,

        Respondent.

Case Number: CV13-03364 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/13/2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James E. Kulka C41843 SB307
Folsom State Prison
P. O. Box 715071
Represa, CA 95671-5071

Dated: 11/13/2013

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk